J-S84034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM BRACEY | : | |
| | : | |
| Appellant | : | No. 1281 MDA 2017 |

Appeal from the PCRA Order July 13, 2017
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0002555-1994

BEFORE:  SHOGAN, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 20, 2018**

William Bracey appeals, *pro se*, from the order entered July 13, 2017, in the Dauphin County Court of Common Pleas, denying his fourth petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Bracey seeks relief from the judgment of sentence of life imprisonment imposed on May 24, 1995, following his jury conviction of first-degree murder. On appeal, Bracey argues the PCRA court erred in concluding his petition was untimely filed, and that he failed to sufficiently assert one of the time for filing exceptions.  For the reasons below, we affirm.

The relevant facts underlying this appeal were summarized in a prior decision of this Court as follows:

_____

[1] 42 Pa.C.S. §§ 9541-9545.

> At trial, the Commonwealth established that Bracey, who was a drug dealer, was sitting outside a residence with some friends, when a car driven by [Houston] Simms pulled up. Bracey approached the driver's window, and Simms grabbed some cocaine from Bracey and drove off. Bracey shot Simms, whose vehicle then careened into a house. The Commonwealth's witnesses included Thomas Plummer, Jr. and Sylvester Bell. Plummer testified that he saw Bracey approach the car, and that Bracey later told him that he shot the victim. Bell testified that Bracey told him that he shot the victim because he tried to drive off with a piece of cocaine.[2]
>
> ---
>
> [2] Plummer and Bell did not participate in the murder of Simms. They were simply Commonwealth witnesses.
>
> ---
>
> Plummer testified that in exchange for his testimony, the Commonwealth agreed that he would receive a sentence of four to twelve years' incarceration for firearms violations and charges of possession with intent to deliver cocaine. The Commonwealth also agreed to dismiss charges of aggravated assault against him. Bell testified that in exchange for his testimony, the Commonwealth agreed to a sentence of two to four years' incarceration, and, if eligible, participation in the Boot Camp program, if he would plead guilty to charges of possession with intent to deliver cocaine.

**Commonwealth v. Bracey**, 38 A.3d 911 [417 MDA 2011] (Pa. Super. 2011) (unpublished memorandum at 1-2).

As noted above, a jury convicted Bracey of first-degree murder on May 23, 1995. The next day, when the jury was unable to reach a unanimous decision regarding the penalty, the trial court sentenced Bracey to a term of life imprisonment. The judgment of sentence was affirmed by this Court on direct appeal. *See Commonwealth v. Bracey*, 726 A.2d 1075 (Pa. Super. 1998) (unpublished memorandum).

Thereafter, Bracey filed three PCRA petitions, each of which was denied by the PCRA court, and the order denying relief was affirmed in an unpublished decision of this Court. *See Commonwealth v. Bracey*, 777 A.2d 499 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 786 A.2d 985 (Pa. 2001); *Commonwealth v. Bracey*, 945 A.2d 757 (Pa. Super. 2007) (unpublished memorandum); *Bracey*, *supra*, 38 A.3d 911.

On October 27, 2016, Bracey filed the instant *pro se* petition, his fourth, asserting he was entitled to relief based upon a "*Brady* violation and governmental interference" that led to the denial of his third PCRA petition. *See* Petition Requesting Relief under the Post Conviction Relief Act, 10/27/2016, at 1. Thereafter, on May 4, 2017, Bracey requested leave to amend his PCRA petition to include the recently filed decision in *Commonwealth v. Burton*, 153 A.3d 618 (Pa. 2017), in which the Pennsylvania Supreme Court held "the 'public record' rule does not apply to incarcerated pro se defendants."[2] Petition Requesting Leave to Amend, 5/4/2017, at 2.

On June 13, 2017, the PCRA court notified Bracey of its intent to dismiss his petition as untimely filed without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Bracey filed a *pro se* response to the court's

---

[2] As will be discussed *infra*, Bracey's third petition was denied because this Court concluded information he claimed was newly discovered had been discoverable as a public record since 1995.

Rule 907 notice, insisting the Supreme Court's decision in **Burton** was dispostive. Nevertheless, on July 13, 2017, the PCRA court entered an order dismissing Bracey's petition. This timely appeal follows.[3]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Mitchell**, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Further, a PCRA court may dismiss a petition "without an evidentiary hearing if there are no genuine issues of material fact and the petitioner is not entitled to relief." **Id.** at 1284 (citations omitted).

Here, the PCRA court concluded Bracey's petition was untimely filed, and Bracey failed to establish the applicability of one of the time-for-filing exceptions. **See** PCRA Memorandum Opinion, 6/12/2017, at 7-12.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. **See** 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

---

[3] The PCRA court did not order Bracey to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Bracey's judgment of sentence was final on October 11, 1998, 30 days after this Court affirmed his judgment of sentence on direct appeal, and he failed to file a petition for allowance of appeal with the Pennsylvania Supreme Court. **See id.** at § 9545(b)(3). Therefore, he had until October 11, 1999, to file a timely petition, and the one before us, filed 17 years later, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies, namely, the governmental interference exception, the newly discovered facts exception, or the newly recognized constitutional right exception.[4] **See** 42 Pa.C.S. § 9545(b)(1)(i)-

---

[4] Section 9545(b) provides, in relevant part:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Bracey maintains his petition was timely filed pursuant to the governmental interference exception to the PCRA's timing requirements, although his argument conflates all three timing exceptions. **See** Bracey's Brief at 15. The following background is instructive.

On December 1, 2010, Bracey filed his third PCRA petition, in which he claimed that "on October 13, 2010, his sister told him she discovered that the information the Commonwealth disclosed to him, and presented to the jury, regarding Plummer's and Bell's outstanding criminal matters was incomplete" and that both witnesses faced additional criminal charges, which the Commonwealth withdrew after his trial. **Bracey**, **supra**, 38 A.3d 911 (unpublished memorandum at 2) (footnote omitted). Consequently, he insisted "the Commonwealth's failure to disclose [that] information violate[d] **Brady v. Maryland**, 373 U.S. 83 (1963) and **Giglio v. United States**, 405 U.S. 150 (1972)." **Id.** (unpublished memorandum at 3). Accordingly, Bracey argued his petition was timely filed pursuant to the "newly discovered facts"

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

exception in Section 9545(b)(1)(ii). **See id.** (unpublished memorandum at 5).

The PCRA court, however, denied relief after concluding the purportedly new information Bracey had uncovered was available as early as 1995, when both of the Commonwealth's witnesses entered guilty pleas.[5] **See id.** (unpublished memorandum at 7). A panel of this Court agreed, explaining: "Criminal dockets are 'a matter of public record and, therefore, cannot be said to have been 'unknown' to [Bracey] for purposes of the PCRA's 'newly discovered evidence' exception to the PCRA's one year jurisdictional time-bar.'" **Id.**, quoting **Commonwealth v. Chester**, 895 A.2d 520 (Pa. 2006).

Presently, Bracey argues this Court's prior decision was erroneous based on two recent decisions, namely **Burton**, **supra**, and **Commonwealth v. Davis**, 86 A.3d 883 (Pa. Super. 2014). As noted above, in **Burton**, the Pennsylvania Supreme Court held that, for purposes of the newly discovered facts timing exception, the public record rule does not apply to *pro se* petitioners. **See** Bracey's Brief at 14-15. Furthermore, Bracey asserts the **Davis** Court "faced [] an 'identical' situation where [the defendant] discovered sentencing transcripts nearly 3 decades later that depict[ed] the

---

[5] Indeed, Bracey referred to the transcripts from both Plummer's and Bell's 1995 guilty pleas to support his argument that the information the Commonwealth provided to the jury was deceptive, or at the very least, incomplete. **See Bracey**, **supra**, 38 A.3d 911 (unpublished memorandum at 3).

Commonwealth gave deals to two Commonwealth witnesses and this Court remanded for an evidentiary [hearing]." *Id.* at 14. Bracey concludes "governmental interference" blocked review of his previous filings. *Id.* at 15.

Our review of the record, the parties' briefs, and the relevant statutory and case law reveals Bracey is entitled to no relief. He simply cannot satisfy any of the three time-for-filing exceptions. With regard to the governmental interference exception, Bracey appears to make the same argument that he made in his prior petition, that is, the Commonwealth interfered with his claim by failing to reveal the extent of the deals it provided to the two witnesses. That issue, which was addressed in our prior decision, is previously litigated. *See* 42 Pa.C.S. § 9543(a)(3) (to obtain relief under the PCRA a petitioner must plead and prove that his claim has not been previously litigated or waived).

Nor does Bracey's claim meet the newly discovered facts exception. As noted above, Bracey first learned Plummer's and Bell's sentencing deals in October of 2010. Therefore, the present petition was not filed within the 60-day requirement of Section 9545(b)(1)(ii). Moreover, to the extent Bracey claims the recent decisions in *Davis* and *Burton* affect this Court's prior ruling, we note "'subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA.'" *Commonwealth v. Brandon*, 51 A.3d 231, 235 (Pa. Super. 2012) (quotation omitted).

Lastly, we also conclude Bracey is not entitled to relief pursuant to the newly recognized constitutional rights exception. Our Supreme Court has explained:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).

The ***Burton*** decision does not meet either of these requirements. The Supreme Court did not state its ruling was based upon the petitioner's constitutional rights, and it did not hold its decision should apply retroactively. ***See Burton***, ***supra***.

Accordingly, because Bracey has failed to demonstrate the applicability of any of the three timing exceptions, we conclude the PCRA court properly dismissed his petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/18